Nicolette Glazer Esq. (CSBN 209713)
nicolette@glazerandglazer.com
LAW OFFICES OF LARRY R GLAZER
2121 Avenue of the Stars East #800
Century City, California 90067
T:310-407-5353
F:310-407-5354

ATTORNEY FOR PETITIONER

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO ORTIS RAMIREZ<br>Plaintiff and Petitioner,<br><br>vs.<br><br>Acting Warden of the Adelanto Detention Center; ERNESTO SANTACRUZ, JR., Director of the Los Angeles Field Office, United States Immigration and Customs Enforcement; TODD BLANCHE, Acting Attorney General, United States Department of Justice; MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; DAVID VENTURELLA, Acting Director of United States Immigration and Customs Enforcement; and DOES 1-5<br><br>Defendants-Respondents | Case No.:<br><br>Hon:<br><br>**PETITION FOR A WRIT OF HABEAS CORPUS** |

//

//

//

## JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States; the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570 [hereinafter "INA"]; and the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* [hereinafter "APA"].

2. This Court has further jurisdiction under 28 U.S.C. §§ 2241 and 2243; art. I, § 9, cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States based on a purportedly reinstated final order of removal, Exhibit C, and such custody is in violation of the Constitution, laws, or treaties of the United States.

3. This Court also may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651.

4. This Court has further remedial authority pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

5. The use of the Writ of Habeas Corpus to challenge detention by ICE is not foreclosed by the REAL ID Act. The REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231 (May 11, 2005), Title I, Section 106(c), amending INA §§ 242(a)(2)(A), (B), (C) and § 242(g), only deprives the district court of habeas jurisdiction to review orders of removal, not challenges to detention or the denial of constitutional

rights. *See INS v. St. Cyr,* 533 U.S. 289, 364-65 (2001) ("The writ of habeas corpus has always been available to review the legality of executive detention.").

6. This Court could enjoin federal officials pursuant to *Ex Parte Young*, 209 U.S. 123 (1908). *See Philadelphia Co. v. Stimson*, 223 U.S. 605, 619–21 (1912) (applying *Ex Parte Young* to federal official); *Goltra v. Weeks*, 271 U.S. 536, 545 (1926) (same).

7. Plaintiff-Petitioner has exhausted all administrative remedies to the extent available and required by law.

8. Venue properly lies within the Central District of California because each named Defendant-Respondent is present in this district and a substantial part of the events or omissions giving rise to this action occurred and continue to occur in this District. *See* 28 U.S.C. § 1391(b). Petitioner is also currently detained within this district, to wit, at the Adelanto Detention Facility located at 10400 Rancho Road, Adelanto, CA 92301. See Exhibit E. Accordingly, the "restraint complained of" is occurring within the Court's territorial jurisdiction. *See* 28 U.S.C. § 2241(a).

9. No petition for habeas corpus has previously been filed in any court to review the named Plaintiff-Petitioner's detention.

## PARTIES

10. Petitioner is a national and citizen of Mexico who was placed in withholding-only proceedings before the EOIR and who has remained in civil detention since 28 June 2026. See Exhibit A.

11. The U.S. Department of Homeland Security ("DHS") is a cabinet department of the United States federal government with the primary mission of securing the United States.

12. ICE is an agency within DHS with the primary mission of arresting, detaining, and removing non-citizens physically present within the territory of the United States. ICE is also responsible for the custody and care of all detained non-citizens awaiting resolution of their immigration cases or removal after a final order of removal has been entered.

13. Defendant Markwayne Mullin is the Secretary for DHS. In this capacity, he has responsibility for the administration of immigration laws pursuant to 8 U.S.C. §1103(a), has authority over ICE and its field offices, and has authority to order the release of Plaintiff-Petitioner. At all times relevant to this Complaint, Defendant Mullin was acting within the scope and course of his position as the Secretary for DHS. Defendant Mullin is sued in his official capacity.

14. Defendant Todd Blanche is the Acting Attorney General of the United States. In this capacity, Mr. Blanche currently oversees the immigration court system, including all immigration judges and the Board of Immigration Appeals, and has responsibility for the administration of immigration laws pursuant to 8 U.S.C. §1103(a), has authority over EOIR and all immigration judges, and has authority to order the release of Plaintiff-Petitioner. At all times relevant to this Complaint, Defendant Blanch was acting within the scope and course of his position as the Acting Attorney General of the United States. Defendant Blanche is sued in his official capacity.

15. Defendant-Respondent David Venturella is the Acting Director and Senior Official Performing the Duties of the Director of ICE. Defendant Venturella is responsible for the implementation of all ICE's policies, practices, and procedures, including those relating to the detention of non-citizens. Defendant Venturella is a legal and immediate custodian of Plaintiff-Petitioner. At all times relevant to this Complaint, Defendant Venturella was acting within the scope and course of his position as an ICE official. He is sued in his official capacity.

16. Defendant Acting Warden is the warden of the Adelanto Detention Center in Adelanto, CA, where Plaintiff-Petitioner is currently detained. Defendant Acting Warden is the immediate and physical custodian of Plaintiff-Petitioner. He/she is sued in his/her official capacity.

17. The true names or capacities, whether individual, corporate, associate or otherwise, of the Defendants-Respondents named herein as Does 1 through 5 are unknown to Plaintiff-Petitioner, who therefore sues said Respondents by such fictitious names, and Plaintiff will amend this Complaint to show their true names and capacities when ascertained. Does 1 through 5 are the immediate, physical custodians of Plaintiff-Petitioner.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

18. Petitioner is a national and citizen of Mexico who Respondents allege was issued an order of "deportation" on 2 June 2011 and that he was removed on the basis of said order on the same date. See Exhibit C. Respondent denied said allegations and affirmatively told an asylum officer that an order of removal was issued in 2018 and/or that he was removed in 2018. See Exhibit D at page 5.

19. Petitioner re-entered the U.S. without permission or authorization in 2018, fearing for his life and safety, and has remained in the U.S. ever since. See Exhibit A.

20. Petitioner has resided in the United States for 8 years. He is the father of two United States citizen children, ages 13 and 16. See Combined Exhibit E.

21. On or about 28 June 2028 Petitioner was arrested by Respondents while he was walking back to his house having purchased water. See Exhibit A. Officers told Petitioner that they were looking for a different person and when Petitioner tried to explain he was abruptly interrupted and ordered to produce identification documents. Id. Since Petitioner did not have his identity documents with him, he was unable to produce them: Respondents arrest him without any effort to ascertain either his identity or his immigration status. Id.

22. Respondents did not have an I-205 warrant for Petitioner's arrest at the time they took him into custody as they were looking for a different individual and stopped Petitioner because he looked like the intended target. Id.

23. On or about 28 June 2026 Respondents summarily reinstated a "deportation" order allegedly issued in 2011[1]. See Exhibit B.

24. Petitioner asserted a fear claim which was found credible but the asylum officer found that Petitioner did not show reasonable possibility of persecution on a protected ground or torture. See Exhibit C-D.

[1] The legacy "deportation" proceeding were repealed by IIRAIRA in 1996 and replace the exclusion/deportation proceeding system with a unified removal proceeding scheme that can culminated solely in a removal order.

25. On 27 July 2026 the Immigration Judge affirmed the denial of Petitioner's fear-based claim. See Exhibit D. Petitioner filed a timely Petition for Review with the Ninth Circuit, which remains pending. See Exhibit G.

26. The 9th Circuit issued a stay of removal which remains in effect. Id.

27. Petitioner's custody status was summarily continued without individualized consideration. Respondents did not place Petitioner on an order of supervision as required by the INA and implementing regulations, despite the fact that his removal was not, and continues not to be, reasonably foreseeable.

28. Respondents refuse to release Petitioner or provide reasons for his continued detention asserting, in violation of settled and binding precedent, that he is subject to mandatory detention under section 1231.

## RELEVANT IMMIGRATION STATUTORY SCHEME

### Immigration Detention

**29.** The INA governs the use of immigration detention both pre- and post-final order. Post-final-order immigration detention is governed by 8 U.S.C § 1231(a); pre-final-order detention by 8 U.S.C. § 1226.

30. In 8 U.S.C. §§ 1226 and 1231 Congress created different, but interrelated, comprehensive frameworks for detaining criminal and non-criminal non-citizens.

31. Section 1226 authorizes the detention of non-citizens during the pendency of removal proceedings and during stay-covered appeals: section 1226(a) controls non-criminal aliens' detentions, while section 1226(c) controls criminal aliens' detentions. *See* 8 U.S.C. § 1226(a)&(c); *see also Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008). Once a non-citizen's removal proceedings are completed

ICE's detention authority is controlled by section 1231, which also distinguishes between non-criminal and criminal non-citizens. *See* 8 U.S.C. § 1231.

*Section 1226(a) and Non-Criminal Non-citizens*
*During Removal Proceedings*

32. The Attorney General has discretion to detain a non-criminal non-citizen "pending a decision on whether the alien is to be removed from the United States." *See* 8 U.S.C. § 1226(a). The Attorney General may detain the non-citizen for the duration of the removal proceedings or release him on bond or conditional parole. *See* 8 U.S.C. § 1226(a)(1)-(2).

33. In connection with § 1226(a), the DHS promulgated regulations setting out the process by which a non-criminal non-citizen may obtain release. The regulations provide that, in order to obtain bond or conditional parole, the "alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." *See* 8 C.F.R. § 1236.1(c)(8).

*Section 1226(c) and Criminal Non-citizens*
*During Removal Proceedings*

34. Although the Attorney General has broad discretion to release non-criminal non-citizens during the pendency of their removal proceedings, the INA limits the Attorney General's discretion in the case of criminal non-citizens. Specifically, section 1226(c) mandates that "[t]he Attorney General shall take into custody any alien who . . . is deportable by reason of having committed [certain specified offenses]." *See* 8 U.S.C. § 1226(c)(1)(B).

35. Section 1226(c) provides that the Attorney General may release a criminal non-citizen "only if" necessary for narrow witness protection purposes. *See* 8 U.S.C. § 1226(c)(2). Under § 1226(c), custody is mandatory for criminal non-citizens throughout the entirety of their removal proceedings, and there is no statutory possibility for release on bond.

36. Petitioner was never detained under the authority of section 1226(c) as he has no qualifying criminal record.

*Detention under section 1231*

37. Once a non-citizen is subject to a *final* order of removal, detention authority shifts to 8 U.S.C. § 1231(a). *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022) ("[Section] 1231(a) . . . governs the detention, release, and removal of individuals 'ordered removed.'").

38. The INA directs that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." *See* 8 U.S.C. § 1231(a)(1)(A). Section 1231(a)(6) of the INA provides, in turn, that an alien "may be detained beyond the removal period" but only if the alien "has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal" or in certain circumstances that are not relevant here. *See* 8 U.S.C. § 1231(a)(6). Otherwise, "[i]f the alien does not leave or is not removed within the removal period, the alien, pending removal, *shall be subject to supervision* under regulations prescribed by the Attorney General." *See* 8 U.S.C. § 1231(a)(3) (emphasis added).

39. Indeed, in *Zadvydas*, the Supreme Court explained that section 1231 provides a "choice . . . not between imprisonment and the alien 'living at large,'" but "between imprisonment and supervision under release conditions that may not be violated." *See Zadvydas*, 533 U.S. at 696. Thus, *Zadvydas* establishes a presumption of *continuing* release on supervision after the removal period expires unless conditions imposed are violated by the non-citizen or the order of removal is executed. *Id.*

40. By enacting 8 C.F.R. §241.4(l)(2) however, Respondents have turned this continuing "supervision under release conditions that may not be violated" into a *discretionary* decision at the whim of deportation officers regardless of any condition violation.

41. But Congress in section 1231(a) spoke in unambiguous terms in setting a temporal removal period and a direction of release on supervision after the expiration of the 90-day removal period unless specific findings are made by the AG making release not reasonable. By providing "authority" to the agency to enact regulations for the statutory mandated "supervision" and a fill-gap authority to establish "reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien" Congress did not, however, provide unfettered discretion to the agency to revoke the statutory mandated release on supervision for reasons unrelated to violations of conditions of release. Since section 241.4(l)(2)(i) & (iv) are inconsistent with the specific statutory authority delegated to the agency by section 1231(a)(3) and violate the presumption of continuing release on supervision without violation of the "written conditions" on which the supervision was granted,

the regulation is violative of the unambiguous language of the statute. Defendants cannot by regulation circumvent the clear and unambiguous language of the statute. *See Pereira v. Sessions*, 138 S. Ct. 210, 214 (2018) ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress").

*Reinstatement of Removal and Withholding-only Proceedings*

42. Under § 1231(a)(5):

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed . . . under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

43. Under § 1231, Respondents have authority to reinstate a noncitizen's prior removal order when he or she reenters the country unlawfully. "The only factual predicates for reinstatement are that (1) petitioner is an alien, (2) who was subject to a prior removal order, and (3) who illegally reentered the United States." *Morales de Soto v. Lynch*, 824 F.3d 822, 825 (9th Cir. 2016) (cleaned up).

44. Respondents, however, are not required to reinstate a removal order; rather officers may exercise prosecutorial discretion and place someone in removal proceedings under INA § 240 in lieu of issuing a reinstatement order under INA § 241(a)(5), Morales de Soto, 824 F.3d at 825; *Villa-Anguiano v. Holder*, 727 F.3d 873, 878 (9th Cir. 2013) (reinstatement of removal under the INA is neither "automatic" nor "obligatory" and citing to *Alcala v. Holder*, 563 F.3d 1009,

1013 (9th Cir.2009)), or proceed to adjudicate an application for relief for which the non-citizen is eligible.

45. When DHS decides to start a reinstatement process DHS procedures require officers to ask whether the person has a fear of return. If the person indicates a fear of return during reinstatement proceedings, DHS must refer him or her to an asylum officer for a reasonable fear interview. 8 C.F.R. §§ 208.31, 241.8(e).

46. If no fear of return is expressed a DHS officer must follow the Regulations applicable to reinstatements. Specifically, the officer must conduct a review of the record and provide the non-citizen with an opportunity to present evidence and rebut any factual findings. 8 C.F.R. § 241.8(b).

47. At the conclusion of the interrogation, the officer completes the top portion of Form I-871, titled “Notice of Intent/Decision to Reinstate Prior Order.” This portion of the form contains the factual allegations against the individual, including that he or she is not a U.S. citizen, the date of the prior order, and the date of illegal reentry. It also states that there is no right to a hearing before an immigration judge. The officer must present the notice portion of Form I-871 to the individual to sign and to indicate whether he or she wishes to make a statement contesting the determination. *Id*. (“If the [individual] wishes to make . . . a statement, the officer shall allow the [individual] to do so and shall consider whether the [individual]’s statement warrants reconsideration of the determination.”).

48. A different officer then signs the bottom portion of Form I-871, labeled “Decision, Order and Officer’s Certification.” DHS officers often sign the top and bottom portions of the form at the same time and without following the mandated

process, which renders the order immediately executable and begins the 30-day period for filing a petition for review, unless the person expresses a fear of return to his or her country of origin.

49. DHS is also supposed to serve the noncitizen's attorney with a copy of the reinstatement order if the attorney has filed a Notice of Entry of Appearance (Form G-28) with DHS. See 8 C.F.R. § 292.5(a) (requiring notice and service of papers on counsel or the individual if unrepresented); see also 8 C.F.R. § 103.8(c)(2) (related to personal service of persons in penal or mental institutions, incompetents, and minors under the age of 14).

50. If a non-citizen expresses a fear of return, DHS must refer him for a reasonable fear interview. If the asylum officer determines the person did not establish a reasonable fear, the person may seek review of that determination by an IJ. 8 C.F.R. §§ 208.31(f), (g); 1208.31(f), (g). If the IJ disagrees with the asylum officer's determination, the person then may apply for withholding of removal and CAT protection before the IJ. 8 C.F.R. §§ 208.31(g)(2); 1208(g)(2). If the IJ agrees with the asylum officer's determination, the person cannot appeal to the BIA. 8 C.F.R. §§ 208.31(g)(1); 1208.31(g)(1).

*Statute and Regulation Govern Procedures for Order of Supervision*

51. A non-citizen with a final order of removal "who is not removed within the [90-day] removal period . . . shall be subject to [an order of] supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3) (titled "Supervision after 90-day period").

52. Respondents refused to release Petitioner on an order of supervision without good cause or justification. Petitioner has no qualifying criminal record and is not a danger to himself or anyone else. He has resided in the United States for over 8 years since his last entry. He has two United States citizen children and is a productive member of society who has established deep roots in the community. See Exhibit A & E.

53. The removal period has not started to run in this case because Petitioner is the beneficiary of a judicial stay. See Exhibit G.

54. But even where initial detention past the 90-day removal period is authorized, if "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by [§ 1231(a)(6)]. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances . . . ." *Zadvydas v. Davis*, 533 U.S. 678, 699-700.

55. The Supreme Court has instructed that the passage of time while a noncitizen is detained, particularly delay in the absence of any steps being taken to effectuate or even advance the process of removal, itself is important evidence relevant to whether continued detention is statutorily authorized. In *Zadvydas*, the Supreme Court explained that a "habeas court," in "ask[ing] whether the detention in question exceeds a period reasonably necessary to secure removal . . . should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699. "[I]f removal is not reasonably foreseeable, the court should hold continued

detention unreasonable and no longer authorized by statute." *Id*. at 699–700. The Supreme Court reiterated that point in *Clark v. Martinez*, 543 U.S. 371 (2005), holding that because the government there had "brought forward nothing to indicate that a substantial likelihood of removal subsists despite the passage of six months (indeed, it concedes that it is no longer even involved in repatriation negotiations with Cuba)," and because the other evidence confirmed that "removal to Cuba [was] not reasonably foreseeable," "the petitions for habeas corpus [there] should have been granted." *Id*. at 386–87

**COUNT ONE**

**Detention in Violation of the Fifth Amendment**
**(substantive due process)**
**Against all Defendants**

56. Petitioner repeats and incorporates by reference all allegations in paragraphs 1 to 55 above.

57. The Fifth Amendment guarantees that no person shall be deprived of liberty without due process of law. U.S. Const. Amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

58. "Government detention violates the Due Process Clause unless it is ordered in a criminal proceeding with adequate procedural safeguards, or in certain special and non-punitive circumstances 'where a special justification, . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint.'"

*Zavala v. Ridge*, 310 F. Supp. 2d 1071, 1076 (N.D. Cal. 2004) (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)).

59. The U.S. Supreme Court in *Zadvydas* interpreted 8 U.S.C. §1231(a) to allow continued detention only for a period reasonably necessary to secure the person's removal, because any other reading would go beyond the government's articulated interest–to effect the non-citizen's removal. *See Kay v. Reno*, 94 F.Supp.2d. 546, 551 (M.D. Pa. 2000) (granting writ of habeas corpus, because petitioner's substantive due process rights were violated, and noting that "If deportation can never occur, the government's primary legitimate purpose in detention–executing removal–is nonsensical.")

60. Respondents cannot show any "special justification" or compelling governmental interest which would outweigh Petitioner's constitutional liberty. Detaining Petitioner as a punishment for exercising his right to seek a review before the Ninth Circuit is unlawful.

**COUNT TWO**
**Procedural Due Process Claim**

61. Petitioner repeats and incorporates by reference all allegations in paragraphs 1 to 55 above.

62. Petitioner's continued detention is a violation of his Constitutional procedural due process rights.

63. Under the Due Process Clause non-citizens like Petitioner are entitled to a timely and meaningful opportunity to demonstrate that they should not be detained. Petitioner in this case has been denied that opportunity.

64. Petitioner was not afforded either a pre- or a post deprivation hearing to address the legality of his detention.

65. Respondents have a uniform policy and practice of not making individualized decisions concerning custody status at the time they take an individual into detention and at the expiration of the statutory removal period and/or when formal requests are made; and when decisions are made, they are not made in a neutral and impartial manner.

66. The failure of Respondents to provide a neutral decision-maker to review the continued custody of Petitioner violates Petitioner's right to procedural due process. There is no administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision is made or appeal a custody decision that violates *Zadvydas*.

67. Petitioner's private interests affected by Respondents' actions are profound—his physical liberty. The risk of erroneous deprivation of liberty is high because Petitioner is neither a flight risk nor a danger to the community but is subject to potentially indefinite detention.

68. The government's interest in Petitioner's continued punitive administrative detention is minimal.

69. The deprivation of Petitioner's liberty interests far outweighs the government's interest in arrests and continued detention where there is no reasonably foreseeable chance of repatriation at this time.

70. The burden on the Government for the additional process requested by Petitioner, to wit, a notice of continued detention and denial of release, an opportunity to respond, and be heard would be minimal.

71. Petitioner has no other judicial venue to challenge the legality of his detention.

72. Not affording him a judicial forum to challenge the legality of his detention through this habeas corpus proceeding would also violate the Suspension Clause of the U.S. Constitution.

73. Respondents' refusal to release Petitioner on an order of supervision was contrary to the agency's constitutional power and obligations under the Fifth Amendment's Due Process Clause, as explained above.

74. Petitioner's continued detention is also not in accordance with the INA and implementing regulations as cited and discussed above.

## COUNT THREE

### Unreasonable Search and Seizure—Detention and Arrest in Violation of the Fourth Amendment Against all Respondents

75. Petitioner repeats and re-alleges the allegations in paragraphs 1 through 55 above.

76. Except at the border and its functional equivalents, the Fourth Amendment prohibits Respondents from conducting a detentive stop to question a person without reasonable suspicion that a person is a noncitizen unlawfully in the United States. *United States v. Sokolow*, 490 U. S. 1, 7 (1989).

77. "A person's mere propinquity to others independently suspected of [unlawful] activity does not, without more, give rise to probable cause to search [or seize] that person*."* *Perez Cruz v. Barr*, 926 F.3d 1128, 1138 (9th Cir. 2019) (quotation omitted). "'Reasonable suspicion' is no different." *Id*.

78. Respondents have a policy, pattern, and practice of stopping individuals without regard to reasonable suspicion that they are unlawfully in the United States. As a part of Respondents' policy, pattern, and practice, when conducting stops, they engage in a show of force so overwhelming that a reasonable person would not feel free to leave. As a matter of policy, pattern, and practice, Respondents do not evaluate the need for force or tailor the force they use to the circumstances of individual stops and arrests.

79. In this case Respondents had no objectively reasonable or specifically articulable factual basis to suspect that Petitioner was involved in the commission of any crime, nor did Respondents have any confirmation that Petitioner had committed any deportable crime, posed threat to anyone, nor did they observe Petitioner in possession of any illegal objects, contraband, or weapons.

80. Respondents restrained, detained, and interrogated Petitioner without reasonable suspicion, arrested him without probable cause, and provided no notice to either him guardian or his immigration attorney as to the basis of his detention. The scope and manner of Respondents' actions in detaining, arresting, and interrogating of Petitioner was unreasonable.

81. Respondents' conduct violated Petitioner's right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution.

82. Petitioner seeks a declaration that Respondents violated his 4th Amendment rights.

83. Petitioner also seeks to set aside Respondents' policy of arresting non-citizens without probable cause and without a warrant. Respondents also permit officers to create post hoc administrative warrants and without issuing notices to appear, thereby violating a clear and mandatory duty imposed by statute and regulations.

**COUNT FOUR**
**Detention in violation of 8 U.S.C. § 1226(a)**
**against All Respondents**

84. Petitioner repeats and incorporates by reference all allegations in paragraphs 1 to 55 above.

85. Petitioner is subject to section 1226(a) for the duration of the proceeding before the Ninth Circuit because of the judicial stay in effect.

86. Under § 1226(a) and its associated regulations, Petitioner is entitled to a bond hearing. See 8 C.F.R. 236.1(d) & 1003.19(a)-(f). Yet, Respondents refuse to accord Petitioner his statuary rights, asserting that he is subject to mandatory detention under section 1231.

87. Petitioner's continuing detention is therefore unlawful.

**COUNT FIVE**

**Violation of 8 U.S.C. § 1357(a)(2) Warrantless Arrests**
**Without Probable Cause of Flight Risk**
**against All Respondents**

88. Petitioner repeats and incorporates by reference all allegations in paragraphs 1 to 55 above.

89. 8 U.S.C. § 1357(a)(2) requires that arrests without a warrant be accompanied by "reason to believe" that an individual is "likely to escape before a warrant can be obtained for [their] arrest."

90. Respondents arrested Petitioner without any warrant and without making an individualized determination of flight risk. In fact, Respondents have no mechanism for ensuring agents' compliance with the statutory limits on warrantless arrest authority and do not provide guidance or training to agents and officers on how to make an individualized determination of likelihood of escape. Respondents permit agents and officers to make warrantless arrests at whim and in violation of law.

**COUNT SIX**

**Violation of 8 C.F.R. § 287.8(c)(2)(ii)**
**against All Respondents**

91. Petitioner repeats and incorporates by reference all allegations in paragraphs 1 to 55 above.

92. By regulation Respondents are required to conform warrantless arrests to the standards in 8 C.F.R. § 287.8(c), including the requirement of 8 C.F.R. § 287.8(c)(2)(ii) that officers have reason to believe that an individual is "likely to escape before a warrant can be obtained."

93. Respondents arrested Petitioner without any warrant and without making an individualized determination of flight risk.

94. In fact, Respondents have no mechanism for ensuring agents' compliance with the statutory limits on warrantless arrest authority and do not provide guidance to agents and officers on how to make an individualized determination of likelihood of

escape. Respondents permit agents and officers to make warrantless arrests at whim and in violation of law.

## COUNT SEVEN
## Violation of ICE Regulations and Agency Policy (Accardi Doctrine)

95. Petitioner repeats and incorporates by reference all allegations in paragraphs 1 to 55 above.

96. ICE failed to follow its own regulations regarding arrest, detention, reinstatement of removal, and release policies. This violates the *Accardi* doctrine (United States ex rel. *Accardi v. Shaughnessy*, 347 U.S. 260 (1954)) and the Administrative Procedure Act.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Grant this Petitioner's petition and order Petitioner's release pending adjudication on the merits of his Petitioner for Review; or, in the alternative, order Respondents to afford Petitioner a proper custodial determination before a neutral decision maker;

(3) Issue a Writ of Habeas Corpus on the ground that Petitioner's continued detention violates the Due Process Clause and order Petitioner's immediate release under reasonable conditions of supervision;

(4) In the alternative, issue injunctive relief ordering Respondents to immediately release Petitioner, on the ground that his continued detention

violates his constitutional due process rights and to place Petitioner on an order of supervision;

(5) Issue an injunction ordering Respondents not to arrest and re-detain Petitioner without a proper finding that he has committed a violation of the conditions of release or removal has become reasonably foreseeable;

(6) Issue an injunction ordering Respondents not to revoke Petitioner's grant of release without providing prior written notice, an opportunity to respond, and the opportunity to be represented by counsel prior to deprivation of liberty;

(7) Issue an injunction prohibiting the transfer of Petitioner outside of the jurisdictional limits of this Court;

(8) Enter a judgment declaring that Respondents' detention of Petitioner is and will be unauthorized by statute and contrary to law;

(9) Award Petitioner reasonable costs and attorney fees.

Respectfully Submitted by

_____*s/ Nicolette Glazer Esq.*________

Nicolette Glazer Esq.
LAW OFFICES OF LARRY R GLAZER
2121 Avenue of the Stars #800
Century City, CA 90067
T: 310-407-5353
F: 310-407-5354
nicolette@glazerandglazer.com
ATTORNEY FOR PETITIONER

VERIFICATION OF COUNSEL

I am counsel for the Petitioner who is detained by ICE outside of the counties in which I maintain my offices and she can't easily receive and return documents. Accordingly, I make this verification for and on behalf of Petitioner for that reason. I have conducted a reasonable investigation into the facts and circumstances in this

case. I have interviewed the available witnesses, and I am informed and believe that on that ground I allege the factual matters stated in the foregoing Petition for Habeas Corpus are true and correct to the best of my knowledge. I so declare under penalty of perjury.

_____*s/ Nicolette Glazer Esq.*________

Nicolette Glazer Esq.
LAW OFFICES OF LARRY R GLAZER
2121 Avenue of the Stars #800
Century City, CA 90067
T: 310-407-5353
F: 310-407-5354
nicolette@glazerandglazer.com
ATTORNEY FOR PETITIONER

EXHIBIT A

My name is Fernando Ortis Ramirez and I am over 18 years old and the following is my declaration is truth and correct to the best of my knowledge

1. My name is Fernando Ortis Ramirez
2. I am from Mexico.
3. I am 45 years old.
4. I have entered in the United States over 25 years.
5. I escaped from my country because I have fear to return to our country.
6. On 6/28/2026, I went to a gas station to get some drinking water for my family and I was walking back home. There were two cars pulled up next to me and 2 people jumped out of the cars. They approached me and said they were looking for someone and that someone looked like me. I didn't understand what they were trying to say since I didn't know these people. Then they asked about my documents and I didn't have any. They arrested me immediately and handcuffed me. They told me to put the water I bought on the street. They took me to one of their cars. They didn't tell me why I was arrested. I was very shocked.
7. They took me to Adelanto Detention Center.
8. The situation is very bad there.
9. There are a lot of people staying in the same place. I have so much fear inside and I worry so much about my life.
10. I am very depressed and I am under a lot of stress inside. The sanitary is very bad inside. The water is very dirty and they don't care about our wellbeing. They only gave me lettuce and corn and all vegetables inside. I always have stomach upset because of the food and the sanitary inside. The worst is I have high blood pressure and I need treatments and medications. They only gave me one pill of the medication and I don't have any more treatment. There are a lot of sick people there.
11. I could not sleep because of what happened to me. It is a nightmare to me about what happened on 6/28/2026. I came to this country to seek refugee because of the country condition in my country. I never expected to have those inhuman treatments like this. When I slept at night, I would have nightmare about what happened on 6/28/2026.
12. I miss my family and my children.
13. I feel very helpless and vulnerable under this circumstance and I am so afraid of my life if I continue to stay inside.
14. I need to get out of there since my family needs me.
15. I miss my family and I need your help

Fernando Otriz Ramirez
______________________________

I, Vanessa Saenz, prepared the contents of the above declaration at the request and with the permission of Fernando Ortis Ramirez. I am competent in interpreting from English to Spanish. I read the information contained herein to the Petitioner in Spanish to the best of my ability. The Petitioner confirmed to me that all the translated information from Spanish to English and vice versa in this document is true and correct and adopted the contents of the declaration as his own Fernando Ortis Ramirez unequivocally authorized me to affix his name as an indication of approval and adoption as he is detained and cannot receive and send documents easily.

I declare under penalty of perjury on 08/07/2026

______________________________

# Ortiz Ramirez v. Blanche 26-4814 - 006 - Immigration Docketing and Briefing Schedule Notice

From: acms@ca9.fedcourts.us

To: [redacted]

Date: [redacted]esday, July 28, 2026 at 01:24 PM PDT

*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

**United States Court of Appeals for the Ninth Circuit**

**Notice of Docket Activity**

The following transaction was entered on 07/28/2026 1:19:47 PM PDT and filed on 07/28/2026

**Case Name:** Ortiz Ramirez v. Blanche

**Case Number:** 26-4814

**Docket Text:**

**SCHEDULE NOTICE**. Certified Administrative Record due (Respondent) 9/8/2026, Respondent Response to Stay Motion (Filed with PFR) due (Respondent) 9/28/2026, Immigration Respondent Answering Brief due (Respondent) 11/16/2026, Immigration Petitioner Opening Brief due (Petitioner) 10/16/2026. All briefs shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1.

Failure of the petitioner(s)/appellant(s) to comply with this briefing schedule will result in automatic dismissal of the appeal. See 9th Cir. R. 42-1 [Entered: 07/28/2026 01:22 PM]

**Document:** Docketing and Briefing Notice

**Notice will be electronically mailed to:**

Ms. Rosana Cheung ; roscheung@yahoo.com
Oil ; ninth.circuit.oil@usdoj.gov
DHS Clerk ; federalcourtdecisions.09cir@usdoj.gov

**Case participants listed below will not receive this electronic notice:**

Uploaded on: 07/17/2026 at 12:12:59 P (Pacific Daylight Time) Base City: ADL

EXHIBIT B

U.S. Department of Homeland Security

# Notice of Intent/Decision to Reinstate Prior Order

File No. 200 973 287
Event No: SBD2606000270
Date: June 28, 2026

Name: FERNANDO ORTIZ RAMIREZ

In accordance with section 241(a)(5) of the Immigration and Nationality Act (Act) and 8 CFR 241.8, you are hereby notified that the Secretary of Homeland Security intends to reinstate the order of Deportation (Deportation / exclusion / removal) entered against you. This intent is based on the following determinations:

1. You are an alien subject to a prior order of deportation / exclusion / removal entered on June 2, 2011 (Date) at Eloy, AZ (Location).

2. You have been identified as an alien who:

   ☒ was removed on June 2, 2011 (Date) pursuant to an order of deportation / exclusion / removal.

   ☐ departed voluntarily on ______ (Date) pursuant to an order of deportation / exclusion / removal on or after the date on which such order took effect (i.e., who self-deported).

3. You illegally reentered the United States on or about Unknown Date (Date) at or near unknown (Location)

In accordance with Section 241(a)(5) of the Act, you are removable as an alien who has illegally reentered the United States after having been previously removed or departed voluntarily while under an order of exclusion, deportation or removal and are therefore subject to removal by reinstatement of the prior order. You may contest this determination by making a written or oral statement to an immigration officer. You **do not** have a right to a hearing before an immigration judge.

*The facts that formed the basis of this determination, and the existence of a right to make a written or oral statement contesting this determination, were communicated to the alien in the* SPANISH *language.*

GUZMAN-MACIAS, S 9660
(Printed or typed name of official)

[signature]
(Signature of officer)

Deportation Officer
(Title of officer)

## Acknowledgment and Response

I ☐ do ☒ do not wish to make a statement contesting this determination.

6-28-26
(Date)

FERNANDO ORTIZ
(Signature of Alien)

## Decision, Order, and Officer's Certification

Having reviewed all available evidence, the administrative file and any statements made or submitted in rebuttal, I have determined that the above-named alien is subject to removal through reinstatement of the prior order, in accordance with section 241(a)(5) of the Act.

June 28, 2026
(Date)

Adelanto, CA
(Location)

[signature]
(Signature of authorized deciding official)

RAMOS, P05961
(Printed or typed name of official)

SDDO
(Title)

Uploaded on: 07/17/2026 at 12:12:59 PT (Pacific Daylight Time) Base City: ADL

[redacted]

·9659421

**U.S. Department of Homeland Security** **Warrant of Removal/Deportation**

**File No:** A200 973 287

**Date:** JUN 02 2011

**To any Immigration Officer of the United States Department of Homeland Security:**

**ORTIZ Ramirez, Fernando**
(Full name of alien)

who entered the United States at an unknown place (Place of entry) on an unknown date (Date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

- ☒ an immigration judge in exclusion, deportation, or removal proceedings
- ☐ a district director or a district director's designated official
- ☐ the Board of Immigration Appeals
- ☐ a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

Section 212 (a)(6)(A)(i)

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Secretary of Homeland Security under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of: **Salaries and Expenses, Department of Homeland Security 2011.**

Katrina S. Kane
(Signature of Immigration Officer)

Field Office Director
(Title of Immigration Officer)

JUN 02 2011 Eloy, Arizona
(Date and Office location)

UNDER DOCKET CONTROL EAZ



Form I-205 (Rev. 08/01/07)

**U.S. Department of Homeland Security**

# Warrant of Removal/Deportation

To be completed by Immigration Officer executing the warrant:
Name of alien being removed:

ORTIZ Ramirez, Fernando

Port, date, and manner of removal:

REMOVED
DATE: 6/2/11
VIA NOGALES, AZ
TO MEXICO, AFOOT



Photograph of alien removed



Right index fingerprint of alien removed

Fernando Ortiz
(Signature of alien being fingerprinted)

(Signature and title of Immigration Officer taking print)

Patrick J. McCarfrey
Immigration Enforcement Agent

Departure witnessed by: [illegible signature]
(Signature and title of Immigration Officer)

If actual departure is not witnessed, fully identify source or means of verification of departure

If self-removal (self-deportation), pursuant to 8 CFR 241.7, check here. ☐

Departure verified by:
(Signature and title of Immigration Officer) (Printed name of Immigration Officer

EOIR — 6 of 27

EXHIBIT C

**United States Department of Homeland Security**
Immigration and Customs Enforcement

**Record of Sworn Statement for Reinstatement**
Under Section 241(a)(5) of the ACT

Office: San Bernardino Sub Office (Office Location)

File No.: A 200 973 287

Statement by: Ortiz Ramirez, Fernando

In the case of: Ortiz Ramirez, Fernando (Alien's name)

Date of Birth: [redacted]980

At: San Bernardino , CA (Office Location/ Interview Site)

Date: 06/28/2026

Before: DEPORTATION OFFICER (Immigration Officer)

In the SPANISH/ENGLISH (Language spoken) language. NONE (Name of interpreter) used; employed by ______

I am an officer of the United States Immigration and Customs Enforcement, authorized by law to administer oaths and take testimony in connection with the enforcement of the Immigration and Nationality Laws of the United States. I desire to take a sworn statement regarding: your illegal re-entry into the United States.

Before we ask you any questions, it is my duty to advise you of your rights.

1. You have the right to remain silent.
2. Anything you say can be used against you in court, or other proceedings.
3. You have the right to consult an attorney before making any statement or answering any questions.
4. You have the right to have an attorney present with you during questioning.
5. If you decide to answer questions now, you still have the right to stop the questioning at any time, or to stop the questioning for the purpose of consulting an attorney.
6. You have the right to communicate with the consular or diplomatic officers from your country.

Soy un oficial del Servicio de Inmigración y Naturalización de los Estados Unidos, autorizado según la ley a administrar juramentos y tomar el testimonio en relación a la imposición de las Leyes de Nacionalidad e Inmigración de los Estados Unidos. Deseo tomar una declaración (afirmación) jurada en cuanto a: su reingreso ilegal a los Estados Unidos.

(Antes de que le hagamos cualquier pregunta, usted debe comprender sus derechos:)

1. Usted tiene el derecho de guardar silencio.
2. Cualquier cosa que diga puede ser usado en su contra en la corte, o otros procedimientos.
3. Usted tiene el derecho de consultar a un abogado antes de hacer cualquier declaración o responder a cualquier pregunta.
4. Usted tiene el derecho de tener un abogado presente durante el interrogatorio con usted.
5. Si decide contestar preguntas ahora, usted todavía tiene el derecho de detener el interrogatorio en cualquier momento, o detener el interrogatorio con el fin de consultar a un abogado.
6. Usted tiene el derecho de comunicarse con los funcionarios consulares o diplomáticas de su país.

**Q. Do you understand these rights as I have explained them to you?**
¿Entiende estos derechos tal como los he explicado a usted?

Answer: yes.

**I have read (or have had read to me) the Miranda Rights to me and understand what my rights are.**
He leído (o se me ha leído) los derechos de Miranda a mí, y entiendan cuáles son mis derechos.

Signature of alien: Fernando Ortiz



Initials F O

Uploaded on: 07/17/2026 at 12:12:59 PM (Pacific Daylight Time) Base City: ADL

**United States Department of Homeland Security**
Immigration and Customs Enforcement

**Record of Sworn Statement for Reinstatement**
Under Section 241(a)(5) of the ACT

You have been previously deported, excluded, or removed from the United States and you have unlawfully reentered the United States. This may result in the reinstatement of your previous order of deportation, exclusion, or removal pursuant to Section 241(a)(5) of the United States Immigration and Nationality Act. If a decision is made to reinstate your previous order of deportation, exclusion, or removal, you may be immediately removed from this country without a hearing before an Immigration Judge.

This may be your only opportunity to present information to the Immigration and Naturalization Service to make a decision. It is very important that you tell the truth. If you lie or give misinformation, you may be subject to criminal or civil penalties, or be barred from receiving immigration benefits or relief now or in the future except, as I will explain to you, you are not entitled to a hearing or review.

U.S. law provides protection to certain persons who face persecution, harm or torture upon return to their home country. If you fear or have concern about being removed from the United States or about being sent to your country, you should tell me so during this interview, because you may not have another chance.

**Q. DO YOU UNDERSTAND WHAT I'VE SAID TO YOU?**
¿ENTIENDE USTED LO QUE HE DICHO A USTED?

Answer: __________

**Q. ANY STATEMENT YOU MAKE MUST BE GIVEN FREELY AND VOLUNTARILY. ARE YOU WILLING TO ANSWER MY QUESTIONS AT THIS TIME?**
CUALQUIER DECLARACIÓN QUE REALICE DEBE SER HECHA LIBRE Y VOLUNTARIAMENTE. ¿ESTÁ USTED DISPUESTO A RESPONDER A MIS PREGUNTAS EN ESTE MOMENTO?

Answer: __________

**Q. DO YOU SWEAR OR AFFIRM THAT ALL THE STATEMENTS YOU ARE ABOUT TO MAKE ARE TRUE AND COMPLETE?**
¿JURO O AFIRMO QUE TODAS LAS DECLARACIONES QUE VAS A HACER SON VERDADERAS Y COMPLETAS?

Answer: __________

**Q. WHAT IS YOUR TRUE AND CORRECT NAME?**
¿CUÁL ES SU NOMBRE VERDADERO Y CORRECTO?

Answer: __________

**Q. HAVE YOU EVER USED ANY OTHER NAMES?**
¿HAS UTILIZADO ALGUNA VEZ CUALQUIER OTRO NOMBRE?

Answer: __________

**Q. OF WHAT COUNTRY ARE YOU A CITIZEN?**
¿DE QUÉ PAÍS ES USTED CIUDADANO?

Answer: __________

**Q. WHERE WERE YOU BORN?**
¿DÓNDE NACIÓ?

Answer: __________

**Q. WHAT IS YOUR DATE OF BIRTH?**
¿CUÁL ES SU FECHA DE NACIMIENTO?

Answer: __________

Decline

EOIR — 8 of 27

Initials F O Ortiz Ramirez, Fernando

**United States Department of Homeland Security**
Immigration and Customs Enforcement

**Record of Sworn Statement for Reinstatement**
Under Section 241(a)(5) of the ACT

Q. **WHEN DID YOU LAST ENTER THE UNITED STATES?**
¿CUÁNDO FUE LA ÚLTIMA VEZ QUE ENTRO EN LOS ESTADOS UNIDOS?

Answer: ______

Q. **HOW AND WHERE DID YOU ENTER THE UNITED STATES AT THAT TIME?**
¿CÓMO Y DÓNDE HIZO USTED ENTRADA EN ESTADOS UNIDOS?

Answer: ______

Q. **WHERE YOU DEPORTED FROM THE UNITED STATES PREVIOUSLY?**
¿HAS ESTADO DEPORTÓ DE LOS ESTADOS UNIDOS ANTERIORMENTE?

Answer: ______

Q. **APPROXIMATELY WHAT DATES?**
APROXIMADAMENTE ¿QUÉ FECHAS?

Answer: ______

Q. **HAVE YOU EVER APPLIED TO THE ATTORNEY GENERAL OF THE UNITED STATES FOR PERMISSION TO REENTER THE UNITED STATES AFTER YOUR DEPORTATION, EXCLUSION, OR REMOVAL?**
¿ALGUNA VEZ HA APLICADO A LA FISCALÍA GENERAL DE LOS ESTADOS UNIDOS DE PERMISO PARA VOLVER A ENTRAR EN EL ESTADOS UNIDOS DESPUÉS DE SU DEPORTACIÓN, LA EXCLUSIÓN, O EXTRACCIÓN?

Answer: ______

Q. **HAVE YOU EVER BEEN CONVICTED OF ANY CRIMINAL CHARGES?**
¿ALGUNA VEZ SE LE HA DECLARADO CULPABLE DE LOS CARGOS PENALES?

Answer: ______

Q. **WHAT CRIMES HAVE YOU BEEN CONVICTED OF AND WHEN?**
¿QUÉ CRÍMENES HAN SIDO CONDENADOS POR Y CUANDO?

Answer: ______

Declined

Q. **DO YOU HAVE ANY FEAR OF PERSECUTION OR TORTURE IF YOU SHOULD BE RETURNED TO** Mexico.
¿TIENE EL MIEDO A LA PERSECUCIÓN O LA TORTURA SI USTED DEBE SER DEVUELTO A Mexico

Answer: yes

I have read (or have had read to me) the foregoing statement consisting of ___ pages. I affirm that the answers attributed to me herein are true and correct to the best of my knowledge and belief and that this statement is a full, true, and correct record of my questioning by the above-named officer of the Immigration and Naturalization Service. I have initialized each page of this statement (and the corrections noted on page(s) ___).

SIGNATURE OF ALIEN: Fernando Ortiz
Ortiz Ramirez, Fernando

SUBSCRIBED AND SWORN TO ME AT: Adelanto, CA ON 06/28/2026

(SIGNATURE OF IMMIGRATION OFFICER)

(SIGNATURE OF WITNESS)





Initials F O

Uploaded on: 07/17/2026 at 12:12:59 PM (Pacific Daylight Time) Base City: ADL

EXHIBIT D

FORM I-898 (Rev 01/17/2025)

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
**Record of Negative Reasonable Fear Finding and Request For Review by Immigration Judge**

---

**Alien File Number: A200973287**

**1. To be explained to the alien by the asylum officer:**

U.S. Citizenship and Immigration Services (USCIS) has determined that you do not have a reasonable fear of persecution or torture pursuant to 8 CFR 208.31 for the following reason(s):

A. ☑ You have not established a reasonable fear of persecution in a country to which you have been ordered removed because:

- ☐ You have not indicated that you were harmed in the past and you have not expressed fear of future harm.
- ☑ There is no reasonable possibility that the harm you experienced and/or the harm you fear is on account of your race, religion, nationality, political opinion, or membership in a particular social group.
- ☐ You have not indicated that you were harmed in the past, and there is no reasonable possibility that the harm you fear in the future constitutes persecution.
- ☐ There is no reasonable possibility that you would suffer the harm you fear.
- ☐ There is no reasonable possibility that you are not subject to one or more mandatory bars to withholding of removal.

**AND**

☑ You have not established a reasonable fear of torture in a country to which you have been ordered removed because you have not established that there is a reasonable possibility that:

- ☐ You would suffer severe physical or mental pain or suffering.
- ☐ The harm you fear would be specifically intended to inflict severe physical or mental pain or suffering.
- ☑ The harm you fear would be inflicted by or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity.
- ☐ The harm you fear would be inflicted while you are in the custody or physical control of the offender.
- ☐ The harm you fear would not arise only from, would not be inherent in, and would not be incidental to, lawful sanctions.

B. ☐ Considering the totality of the circumstances and all relevant factors, you have not established that your testimony is credible.

EOIR — 10 of 27

You may request that an Immigration Judge review this decision. If you request that an Immigration Judge review this decision, you will remain in detention until an Immigration Judge reviews your case. If you do not request that an Immigration Judge review the decision, you may be removed from the United States immediately.

**2. To be completed by the alien:**

☒ **Yes, I request Immigration Judge review** of the decision that I do not have a reasonable fear of persecution or torture.

☐ **No, I do not request Immigration Judge review** of the decision that I do not have a reasonable fear of persecution or torture.

| **ORTIZ RAMIREZ** | **FERNANDO** | Refused to Sign. |
|---|---|---|
| Alien's Last Name / Family Name (Print) | Alien's First Name (Print) | Alien's Signature |
| **ZAP064** | | 7/15/2026 |
| Asylum Officer | | Date |

The contents of this form were read and explained to the alien in the **SPANISH** language

**Interpreter used:**

By telephone (list interpreter service /ID number used LIS/ 2719).

In person (I, ________________, certify that I am fluent in both the **SPANISH** and English languages. I interpreted the above information completely and accurately to the alien.)

________________ ________________

Interpreter's Signature Date

FORM I-899 (Rev 11/05/2002)

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
**Record of Determination/Reasonable Fear Worksheet**

| **APZ-ZAP** | **ZAP** | **ZAP064** | **200973287** |
|---|---|---|---|
| District Office Code | Asylum Office Code | Asylum Officer | Alien's File Number |

| **ORTIZ RAMIREZ** | **FERNANDO** | **MEXICO** |
|---|---|---|
| Alien's Last/ Family Name | Alien's First Name | Alien's Nationality |

***All statements in italics must be read to the alien***

## Section I: Interview Preparation

1.1 Date of Interview:
**2026-07-13**
1.2 Interview Site:
**ADELANTO ICE PROCESSING CENTER**
1.3 Alien received and signed Form M-488 and relevant pro bono list:
**Yes**
Date signed:
**Jun 28, 2026**
1.4 Representative name, address, telephone number and relationship to alien:
Name: unknown | Address: unknown | Phone: unknown | Relationship to Alien:
1.5 Persons present at the interview
**No one other than alien and asylum officer**
1.6 Language used by alien in interview:
**SPANISH**
1.7 Interpreter Service, Interpreter ID Number
**LIS Solutions - 5658**

| Interpreter Has Forms | Time Started | Time Ended |
|---|---|---|
| **Yes** | **10:00 AM** | **12:00 PM** |

1.8 Interpreter Service, Interpreter ID Number
-
1.9 Interpreter Service, Interpreter ID Number
-

☒ 1.10 Interpreter oath completed
☒ 1.11 Interpreter was not changed during the interview
☐ 1.12 Interpreter was changed during the interview for the following reason(s):
☐ 1.14 Alien found interpreter was not competent
☐ 1.15 Alien found interpreter was not neutral

EOIR — 12 of 27

☐ 1.13 Alien requested a female interpreter replace a male interpreter, or vice versa

☐ 1.16 Officer found interpreter was not competent

☐ 1.17 Officer found interpreter was not neutral

☐ 1.18 Bad telephone connection

☒ 1.19 Asylum officer read the following paragraph to the alien at the beginning of the interview:

*The purpose of this interview is to determine whether you should be referred to an immigration judge to apply for withholding or deferral of removal. You will be eligible for such a referral if the INS finds that there is a reasonable possibility you would be persecuted or tortured in the country to which you have been ordered removed. I am going to ask you questions about why you fear returning to the country to which you have been ordered removed, or any other country. It is very important that you tell the truth during the interview and that you respond to all of my questions. This may be your only opportunity to give such information. Please feel comfortable telling me why you fear harm. U.S. law has strict rules to prevent the disclosure of what you tell me today about the reasons you fear harm. The information you tell me about the reasons for your fear will not be disclosed to your government, except in exceptional circumstances. The statements you make today may be used in deciding your claim and in any future immigration proceedings. It is important that we understand each other. If at any time I make a statement you do not understand, please stop me and tell me you do not understand so that I can explain it to you. If at any time you tell me something I do not understand, I will ask you to explain.*

## Section II: Biographic Information

2.1 Last Name / Family Name:
**ORTIZ RAMIREZ**

2.2 First Name:
**FERNANDO**

2.3 Middle Name:
-

2.4 Date of Birth:
**Aug 19, 1980**

2.5 Sex:
**Male**

2.6 Other names and dates of birth used:

- FERNANDO RAMIREZ-ORTIZ
- FERNANDO ORTIZ-RAMIREZ
- FERNANDO RAMIREZ ORTIZ
- FERNANDO ORTIZ
- FERNANDO ORTIZ RAMIREZ

2.7 Country of Birth:
**Mexico**

2.8 Country (countries) of citizenship:
**MEXICO**

2.9 Prior address in last country in which alien fears persecution or torture (list address, city/town, province, state, department and country):
**Michoacan, Mexico**

2.10 Date of last arrival
**UNKNOWN**

2.11 Port of arrival
**UNKNOWN**

2.12 Date of Detention:
**Jun 28, 2026**

2.13 Place of Detention:
**ADELANTO ICE PROCESSING CENTER, 10250 RANCHO RD, ADELANTO CA, 92301**

2.14 Grounds provided by Deportation Officer for removal:
**Prior order reinstated pursuant to 241(a)(5) of the INA**

2.15 Alien's race or ethnicity:

**Latino**
2.16 Alien's religion:
**Catholic**
2.17 All languages spoken fluently by alien
**SPANISH**
2.18 Does the alien claim to have a medical condition (physical or mental), or has the officer observed any indication that a medical condition (physical or mental) exists?
**No**
2.19 If YES, Explain:
**-**
2.20 Does alien indicate, or does officer believe medical condition is serious?
**N/A**
2.21 Does alien request immediate attention for a medical condition, or does the officer believe alien needs immediate attention for a medical condition?
**N/A**
2.22 Does alien claim that medical condition relates to torture?
**N/A**

## Section III: Reasonable Fear Finding

**TYPED SWORN STATEMENT IN QUESTION AND ANSWER FORMAT AND ASSESSMENT OF REASONABLE FEAR MUST BE ATTACHED TO THIS WORKSHEET.** If the asylum officer finds the alien not credible, the sworn statement must reflect that the alien was asked to explain any inconsistencies or lack of detail on material issues. A person has a reasonable fear of persecution or torture if there is a reasonable possibility the person would be persecuted or subjected to torture.

### A. Credibility Determination

☑ 3.1 ~~The alien's testimony was sufficiently detailed, consistent and plausible in material respects and therefore is~~ *Alien* found credible.
☐ 3.2 The alien's testimony was found not credible in material respects. [Assessment must (1) identify specific discrepancies, inconsistencies, kind of detail alien was unable to provide, etc. (2) Summarize alien's explanation for the inconsistencies, inability to provide detail, etc.; and why the explanation failed to overcome reasons for finding the alien not credible; and (3) explain how the non-credible aspects of the testimony are material to the claim.]
☐ 3.3 Material aspects of the alien's testimony were found credible in part and not credible in part. [Assessment must identify which material aspects were credible and which were not credible. For part of testimony found not credible, (1) identify specific discrepancies, inconsistencies, kind of detail alien was unable to provide, etc.; (2) Summarize alien's explanation for the inconsistencies, inability to provide detail, etc.; and (3) Explain how the non-credible aspects of testimony are material to the claim.]

### B. Reasonable Fear Determination

☐ 3.4 Reasonable Fear of Persecution Established (I-863 Box 6) [The alien has established that there is a reasonable possibility of suffering harm constituting persecution in the country to which the alien has been ordered removed, AND the alien has established that there is a reasonable possibility the persecution she/he fears is on account of race, religion, nationality, membership in a particular social

Uploaded on: 07/17/2026 at 12:12:59 (Pacific Daylight Time) Base City: ADL

group, or political opinion.]
Is political opinion related to Coercive Family Planning? ☐ Yes ☐ No
☐ 3.5 Reasonable Fear of Torture Established (I-863 Box 6) [The alien has established that there is a reasonable possibility that 1) the alien would be subject to severe pain or suffering in the country to which the alien has been ordered removed; 2) the feared harm would be specifically intended to inflict severe physical or mental pain or suffering; 3) the pain or suffering would be inflicted by or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity; 4) the feared harm would be inflicted while the alien is in the custody or physical control of the offender; and 5) there is a reasonable possibility that the feared harm would not be in accordance with lawful sanctions.]
☑ 3.6 No Reasonable Fear of Persecution Established and No Reasonable Fear of Torture Established (I-863 Box 5, if alien requests review) [Assessment must explain reasons for both findings.]

## Asylum Officer / Supervisor Name and Signatures

| | | |
|---|---|---|
| 3.7 Asylum Officer<br>**ZAP064** | 3.8 Asylum Officer's Signature<br>**Signed by: ZAP064 on Monday, July 13, 2026, 12:33 pm** | 3.9 Decision Date<br>**Jul 13, 2026** |
| 3.10 Supervisory Asylum Officer<br>**G. Owens** | 3.11 Supervisor's Signature | 3.12 Date Supervisor Approved Decision<br>**07/14/2026** |

EOIR — 15 of 27

U.S. Citizenship and Immigration Services | Alien: **FERNANDO ORTIZ RAMIREZ** A #: **200973287** | Officer: **ZAP064** Date of Determination: **Jul 13, 2026**

# Reasonable Fear Determination Checklist and Written Analysis

Country
**MEXICO**
Jurisdiction
**Reinstatement of a Prior Order under INA §241(a)(5)**

## Decision

Reasonable Fear Determination
**Negative**

## Harm

Has the alien testified that he or she has experienced past harm in his or her country?
**No**
Has the alien testified that he or she fears future harm if returned to his or her country?
**Yes**
Harm:
**death**
Entities:
**criminals**

## Credibility

Was the alien's testimony credible?
**Yes**
☐ Add Credibility Concern

## Analysis

Persecution Written Analysis
No Nexus: The alien testified that he has never been harmed or threatened in Mexico, and that unknown criminals will kill him because he is from the US and criminals think that alien has money and will want money, and that there is no other reason why criminals will kill him. The alien testified that he has never been harmed or threatened, nor does he fear harm in the future, on account of his race, religion, nationality, political opinion, because he is different or special, nor any other nexus to any protected grounds. As such, the alien has NOT shown a reasonable possibility that one reason he was harmed or threatened, or would be harmed in the future, would be on account of any protected grounds. Torture Written Analysis
No State Acquiescence: The alien testified that he has not suffered past harm, and as there is no past harm, there is no harm for the police to acquiesce to. The alien testified that he does not believe the police or government would protect him if he returned because of a generalized belief that the police or government of Mexico does not protect anyone. The alien based this belief on the disappearance of his cousin Samantha Sandoval, however, the alien also testified that nobody reported this to the police and

EOIR — 16 of 27

U.S. Citizenship and Immigration Services

Alien: **FERNANDO ORTIZ RAMIREZ**
A #: **200973287**

Officer: **ZAP064**
Date of Determination: **Jul 13, 2026**

as the police does not know about the disappearance, they could not acquiesce to the harm. The alien also testified that when his cousin Jesus Ortiz Moralez was killed in Mexico, the police investigated and made a police report, a copy of which the alien would be able to provide. This shows that the police did everything they could and did not acquiesce to the crime. As such, the alien has NOT shown a reasonable possibility that government officials in their official capacity willfully acquiesced to alien's feared harm and breached a duty to protect alien so that alien would be tortured if he returned to his country.

U.S. Citizenship and Immigration Services

Alien: **FERNANDO ORTIZ RAMIREZ**
A #: **200973287**

Officer: **ZAP064**
Interview Date: **Jul 13, 2026**

## Interview Notes

**Case Info**

DOB: **1980-08-19 (Age 45)**
Sex: **Male**
Country of Birth: **Mexico**
Nationality: **MEXICO**
Entry Date:
Port of Entry: **UNKNOWN**
Apprehension Date: **2026-06-28**
Detention Status: **Detained**

☒ All RF referral documents received and complete (Form I-871, Notice of Intent/Decision to Reinstate Prior Order, prior order of removal with Decision, Order and Officer's Certification at bottom signed)

# Introduction

## Begin Interview

Interview Start Time
**10:00 AM**

## Interpreter and Oath

Interpreter Participation
**USCIS Interpreter**

☒ Interpreter(s) Under Oath
☒ Interpreter has Form I-899 and M-488

## Interview Format

Detention Status
**Detained**
Detention Location
**ADELANTO ICE PROCESSING CENTER**
Method of Interview
**Telephonic**
What is your full and complete name?
**ORTIZ RAMIREZ, FERNANDO**
What is your date of birth?
**08/19/1980**
Is anyone else in the room with you?
**No**
Are you able to hear anyone else?

U.S. Citizenship and Immigration Services | Alien: **FERNANDO ORTIZ RAMIREZ** A #: **200973287** | Officer: **ZAP064** Interview Date: **Jul 13, 2026**

**No**
Do you believe you can be overheard by anyone else?
**No**

## Language

What is your native language?
**SPANISH**
Do you speak any other languages?
**No**
☒ Interpreter speaks native/preferred language
Do you understand the interpreter?
**yes**
Interpreter, do you understand the alien?
**yes**
Do you feel comfortable using this interpreter?
**yes**

## Counsel

Do you have an attorney or accredited representative?
**Yes**
Name
**unknown**
Address
**unknown**
Phone Number
**unknown**
☒ Click here if you are unable to connect to counsel

**Officer:** I attempted to call unknown but I have been unable to connect using the phone number(s) provided.

You may have an attorney or accredited representative of your choice with you during your interview. However, the presence of an attorney or accredited representative is not required for this interview. Do you wish to continue today without an attorney or accredited representative present?
**Yes**

EOIR — 19 of 27

U.S. Citizenship and Immigration Services

Alien: **FERNANDO ORTIZ RAMIREZ**
A #: **200973287**

Officer: **ZAP064**
Interview Date: **Jul 13, 2026**

## Oath

Next, I would like to place you under oath. This is a legal obligation to tell the truth. Please stand and raise your hand. Do you swear or affirm to tell the truth, the whole truth, and nothing but the truth?
**yes**

## M-488

☒ Click here if Form M-488 was provided prior to interview
According to our records, you received Form M-488 on
**Jun 28, 2026**
The M-488 form explains the reasonable fear determination process. Do you remember receiving this form along with a list of free legal service providers?
**yes**
Do you have any questions about the reasonable fear process?
**no**

## 48 Hour Waiver

☒ N/A (interview is taking place more than 48 hours after orientation)

# Preliminary

## Purpose of the Interview

☒ I-899 Section I Purpose of Interview Read to Alien

## Medical Issues / Ability to Testify

Do you currently have any medical or health problems that I should be aware of, physical or mental?
**No**
Are you taking any medications?
**no**
Is there anything that might affect your ability to testify today?
**no**

## Fear of Returning to Country

You previously indicated that you were afraid to return to your country. Are you still afraid to return to your country?
**Yes**

U.S. Citizenship and Immigration Services

Alien: **FERNANDO ORTIZ RAMIREZ**
A #: **200973287**

Officer: **ZAP064**
Interview Date: **Jul 13, 2026**

Do you want to continue with your reasonable fear interview today?
**Yes**

## Biographic

### Biographic Information

Global data is available for reference in the resources side panel > case info

Other than the name you gave me, have you ever been known by any other names or aliases?
**No**
Have you ever used any other dates of birth?
**No**
What is your sex?
**Male**
What country were you born in?
**Mexico**
What country are you a citizen of?
**Mexico**
Are you a citizen of any other country?
**No**
What is your race or ethnicity, for example, do you identify as Hispanic, Indigenous, Latin, Mixed, White, Black, etc.?
**Latino**
Do you have a religion; if so, what is it?
**Catholic**
What was your address in the last country in which you fear persecution of torture?
**Michoacan, Mexico**

## ABC/NACARA

### ABC/NACARA (RF)

Country(ies) of Citizenship
**MEXICO**
Have either of your parents or spouse ever been to the U.S. prior to 1991?
**No**

## Basis of Claim

Uploaded on: 07/17/2026 at 12:12:59 PM (Pacific Daylight Time) Base City: ADL



| | |
|---|---|
| Q: When was the last time you left Mexico? | A: **I left in 2011 and I was deported in 2018 and I came back in 2018** |
| Q: Have you been back to Mexico since 2018? | A: **No** |
| Q: Have you left the US since 2018? | A: **No** |
| Q: What do you think will happen to you if you are returned to Mexico? | A: **I will not have anybody in Mexico. My parents have passed away, and my family are all here.** |

## Past Harm

| | |
|---|---|
| Q: Have you ever been harmed or threatened by anyone in Mexico? | A: **No, but my family has suffered harm.** |
| Q: Who in your family was harmed when they were in Mexico? | A: **Children from a sister and also some cousins.** |
| Q: Which children from your sister was harmed in Mexico? | A: **Jesus Ortiz Moralez, I don't remember the other children.** |
| Q: What are the names of your husband that was harmed? | A: **The one I already told you, Jesus.** |
| Q: On what date was Jesus harmed? | A: **It's been about one year ago that he passed away.** |
| Q: I'm sorry to hear that. How did he pass away? | A: **He was shot in the chest.** |
| Q: Who shot him? | A: **I don't know who shot him, but my family member sent me a picture of what happened to him.** |
| Q: Do they know why he was shot? | A: **It looks like he was shot at a gas station.** |
| Q: Why was he shot at the gas station? | A: **I don't know why, something must have happened, but we don't know why he was shot.** |
| Q: Did anyone report this to the police? | A: **Yea, they reported to the police.** |
| Q: How did the police respond? | A: **They investigated and made a police report. If you need it I can request that it be sent to you.** |

EOIR - 22 of 27

U.S. Citizenship and Immigration Services

Alien: **FERNANDO ORTIZ RAMIREZ**
A #: **200973287**

Officer: **ZAP064**
Interview Date: **Jul 13, 2026**

## State Action/CAT

Q: Have you ever had any problems with the police or any government officials in Mexico? A: **No, thank God no.**

Q: Have you ever been harmed or threatened by the police or any government officials in Mexico? A: **No**

## Future Harm

Q: Will anyone want to harm you if you returned to Mexico? A: **Yes I don't want to get killed.**

Q: Who will want to kill you? A: **People who are criminals.**

Q: What reason would they have for wanting to harm you now? A: **Because I'm from the US and they think that I have money and they want money.**

Q: Would they want to harm you for any other reason? A: **No**

Q: How do you know this will happen to you? A: **I have a brother over there and he told me that things like that are happening in Mexico and that things are not very good in Mexico. If you guys can help me stay here with my family.**

Q: Besides what you already told me, is there any other reason why you believe that criminals will kill you if you returned to Mexico? A: **No, they can disappear you, they can kill you.**

Q: Is there any reason why you believe that criminals are capable of killing you? A: **Because I have a cousin that went back to Mexico one year ago and she disappeared and we don't know what happened to her.**

Q: What is the name of this cousin? A: **Samantha Sandoval.**

Q: How do you know that criminals had anything to do with her disappearance? A: **She left town and she never came back, she is not in Tijuana so she never came back.**

Q: Besides what you already told me, have you seen or heard anything else that would make you believe that criminals are capable of killing you? A: **No**

U.S. Citizenship and Immigration Services

Alien: **FERNANDO ORTIZ RAMIREZ**
A #: **200973287**

Officer: **ZAP064**
Interview Date: **Jul 13, 2026**

Q: Do you believe the police or government in Mexico can protect you if you returned to Mexico?

A: **No**

Q: Why do you think this?

A: **Because the police in Mexico does not protect us.**

Q: How do you know this?

A: **Just with what happened with my cousin, she disappeared and she was not protected.**

Q: Did anyone report this to the police?

A: **No, nobody reported this to the police.**

Q: Why didn't anyone report this to the police that your cousin disappeared?

A: **I don't know why, they did not report it I don't know why.**

Q: How would the criminals know if you returned to Mexico?

A: **They will seen me if I go back to my town.**

Q: Aside from what we already discussed, do you fear being harmed by anyone else in Mexico for any reason?

A: **No**

## Internal Relocation

Q: Do you think you could live safely in another part of Mexico?

A: **No**

Q: Why not?

A: **Because I don't know how to read and I only know the town where I used to live.**

Q: Besides this, is there any other reason you could not live safely in another part of Mexico?

A: **Because I have my family here and my spouse and my children and I don't want to be separated from them.**

Q: Besides what you already told me, is there any other reason you could not live safely in another part of Mexico?

A: **The US is where I lived the longest and not Mexico.**

Q: Would you face any difficulties or hardships if you had to relocate to another part of the country?

A: **No**

## Additional Nexus Questions

U.S. Citizenship and Immigration Services | Alien: **FERNANDO ORTIZ RAMIREZ** A #: **200973287** | Officer: **ZAP064** Interview Date: **Jul 13, 2026**

Q: Have you ever been harmed or threatened, or do you fear being harmed because of your race? A: **No**

Q: Have you ever been harmed or threatened, or do you fear being harmed because of your religion? A: **No**

Q: Have you ever been harmed or threatened, or do you fear being harmed because of your nationality? A: **No**

Q: Have you ever been harmed or threatened, or do you fear being harmed because of your political opinion? A: **No**

Q: Have you ever been harmed or threatened, or do you fear being harmed because of some characteristic that you have that makes you different from other people? A: **No**

Q: Have you ever been harmed or threatened, or do you fear being harmed by a family member, such as a partner, spouse, parents, grandparent, aunt, or uncle? A: **No**

Q: Have you ever been harmed or threatened, or do you fear being harmed by anyone else for any other reason we did not talk about yet? A: **Because I am from the US and they will think that I have money and they can harm you for money.**

## Mandatory Bars

Q: Other than coming to the United States, have you traveled or lived outside of your country? A: **No**

Q: Lawful status may include but is not limited to asylum status, refugee status, permission to work, temporary and permanent residency and citizenship. Have you ever been offered or received lawful status from a country other than your own? A: **No**

Q: Have you ever harmed anyone for any reason? A: **No**

Q: Have you ever helped someone to harm anyone for any reason? A: **No**

| | |
|---|---|
| Q: Have you ever committed a crime in any country including the US? | A: **No** |
| Q: Other than for immigration, have you ever been arrested or detained for any reason in any country including the US? | A: **I was detained in the US by the police because of DUI.** |
| Q: Have you ever been charged with or convicted of a crime in any country including the US? | A: **Yes, I was in jail around 8 months and I paid for the damages for the other car that I damaged and I went to school for that.** |
| Q: Apart from DUI any other crimes? | A: **No, that is the only thing that I have here.** |
| Q: Have you ever served in the military or received any military-type training? | A: **No** |
| Q: Have you ever assisted or been a member of a criminal group, such as a gang, cartel, or other organized criminal group? | A: **No** |
| Q: Have you ever committed or helped to commit an act involving the use of firearms or other weapons? | A: **No** |
| Q: Are you or have you ever been a member of an armed group or a group that uses violence to achieve its goals? | A: **No** |
| Q: Have you ever provided any type of support, like food, housing, money, or transportation, to an armed group or any group or person that uses violence to achieve their goals? | A: **No** |
| Q: Have you ever tried to convince others to join or give money or other things of value to an armed group or to any group or person that uses violence to achieve its goals? | A: **No** |
| Q: Do you intend to do anything illegal in the U.S.? | A: **No** |

## Conclusion

### Summary of Testimony

U.S. Citizenship and Immigration Services

Alien: **FERNANDO ORTIZ RAMIREZ**
A #: **200973287**

Officer: **ZAP064**
Interview Date: **Jul 13, 2026**

Summary
You testified that you have never been harmed or threatened when you were in Mexico. You are afraid of returning to Mexico because criminals will kill you because you are from the US and they think you have money. You don't think the police or government of Mexico would protect you because your family members were harmed in Mexico.

Q: Is this summary correct?
A: **Yes**

Q: Are there any changes or additions you would like to make?
A: **No**

Q: Is there anything else that is important to your claim that we have not yet discussed?
A: **Right now I don't think they are going to protect me, if they send me back to Mexico.**

Q: Did you understand all the questions I asked today? A: **Yes**

Q: Did you understand the interpreter? A: **Yes**

## End Interview

Click below to add the call end time, service comments, and submit call(s) to the interpreter log.

Interpreter/Monitor Information
Interview End Time
**12:00 PM**

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**ADELANTO IMMIGRATION COURT**

Respondent Name:
ORTIZ RAMIREZ, FERNANDO

To:
Cheung, Rosana Kit Wai
617 South Olive Street
710
Los Angeles, CA 90014

A-Number:
200-973-287
Riders:
In Reasonable Fear Case Proceedings
Initiated by the Department of Homeland Security
Date:
07/27/2026

## ORDER OF THE IMMIGRATION JUDGE

On 07/27/2026, a review of the Department of Homeland Security's (DHS) Reasonable Fear Determination was held in the matter noted above. Testimony ☑ was ☐ was not taken regarding the alien's background and the alien's fear of returning to the country of origin or last habitual residence.

**ORDER:** After consideration of the evidence, the immigration court finds that the alien ☐ has ☑ has not established a reasonable possibility that the alien would be persecuted on the basis of a protected ground, or a reasonable possibility that the alien would be tortured in the country of removal.

☑ The immigration court concurs in the DHS Reasonable Fear Determination because: the asylum officer's analysis was correct.

Additional reasoning ☐ is ☑ is not continued on a separate sheet. The case is returned to the DHS for removal of the alien. Pursuant to 8 C.F.R. § 1208.31(g)(1), no administrative appeal is available.

☐ The Court vacates the decision of the DHS immigration officer. Pursuant to 8 C.F.R. § 1208.31(g)(2), the alien is hereby placed in "withholding-only" proceedings.

Curtis G. White

Immigration Judge: WHITE, CURTIS 07/27/2026

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : ORTIZ RAMIREZ, FERNANDO | A-Number : 200-973-287

Riders:

Date: 07/28/2026 By: NARANJO, MARIA, Court Staff

EXHIBIT G

# Ortiz Ramirez v. Blanche 26-4814 - 001 - Petition for Review

From: acms@ca9.fedcourts.us

To: [redacted]

Date: Tuesday, July 28, 2026 at 01:19 PM PDT

*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

**United States Court of Appeals for the Ninth Circuit**

**Notice of Docket Activity**

The following transaction was entered on 07/28/2026 11:49:07 AM PDT and filed on 07/28/2026

**Case Name:** Ortiz Ramirez v. Blanche

**Case Number:** 26-4814

**Docket Text:**

**PETITION FOR REVIEW** filed by Petitioner Fernando Ortiz Ramirez. [Entered: 07/28/2026 01:17 PM]

**Document:** Petition for Review

APPOINTMENT WITH OFFICE
CITA CON OFICINA
8/1/2026
at 12:30PM

**Notice will be electronically mailed to:**

Ms. Rosana Cheung ; roscheung@yahoo.com
Oil ; ninth.circuit.oil@usdoj.gov

**Case participants listed below will not receive this electronic notice:**

# Ortiz Ramirez v. Blanche 26-4814 - 005 - Temporary Stay of Removal (Filed At Case Opening with PFR)

From: acms@ca9.fedcourts.us

To: [redacted]

Date: Tuesday, July 28, 2026 at 01:20 PM PDT

*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

**United States Court of Appeals for the Ninth Circuit**

**Notice of Docket Activity**

The following transaction was entered on 07/28/2026 1:18:26 PM PDT and filed on 07/28/2026

**Case Name:** Ortiz Ramirez v. Blanche

**Case Number:** 26-4814

**Docket Text:**

Under General Order 6.4, a temporary stay of removal is in effect until further order of the court. [Entered: 07/28/2026 01:19 PM]

**Notice will be electronically mailed to:**

Ms. Rosana Cheung ; roscheung@yahoo.com
Oil ; ninth.circuit.oil@usdoj.gov

**Case participants listed below will not receive this electronic notice:**

EXHIBIT E

CERTIFICATION OF VITAL RECORD

# COUNTY OF SAN BERNARDINO

SAN BERNARDINO, CALIFORNIA

## CERTIFICATE OF LIVE BIRTH

STATE OF CALIFORNIA
USE BLACK INK ONLY

STATE FILE NUMBER

1201036011032
LOCAL REGISTRATION NUMBER

| Section | Field | Value |
|---|---|---|
| THIS CHILD | [redacted] | |
| | 1C. LAST | ORTIZ |
| | 2. SEX | MALE |
| | 3A. THIS BIRTH, SINGLE, TWIN, ETC | SINGLE |
| | 3B. IF MULTIPLE, THIS CHILD 1ST, 2ND, ETC | - |
| | [redacted] | |
| | 4B. HOUR - 24 HOUR CLOCK TIME | 1717 |
| PLACE OF BIRTH | 5A. PLACE OF BIRTH - NAME OF HOSPITAL OR FACILITY | ST. MARY REGIONAL MED CTR |
| | 5B. STREET ADDRESS - STREET AND NUMBER, OR LOCATION | 18300 HWY. 18 |
| | 5C. CITY | APPLE VALLEY |
| | 5D. COUNTY | SAN BERNARDINO |
| FATHER/PARENT | 6A. NAME OF FATHER/PARENT - FIRST | FERNANDO |
| | 6B. MIDDLE | - |
| | 6C. LAST | ORTIZ |
| | 7. BIRTHPLACE - STATE/COUNTRY | MEXICO |
| | [redacted] | |
| MOTHER/PARENT | [redacted] | |
| | 9B. MIDDLE | - |
| | 9C. LAST - BIRTH NAME | CAPILLA |
| | 10. BIRTHPLACE - STATE/COUNTRY | MEXICO |
| INFORMANT AND BIRTH CERTIFICATION | I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE — 12A. PARENT OR OTHER INFORMANT - SIGNATURE | (signature) |
| | 12B. RELATIONSHIP TO CHILD | BIRTH CLERK |
| | 12C. DATE SIGNED - MM/DD/CCYY | 06/04/2010 |
| | I CERTIFY THAT THE CHILD WAS BORN ALIVE AT THE DATE, HOUR, AND PLACE STATED — 13A. ATTENDANT/CERTIFIER - SIGNATURE AND DEGREE OR TITLE | Pamela Gray, Director |
| | 13B. LICENSE NUMBER | NMW1393 |
| | 13C. DATE SIGNED - MM/DD/CCYY | 06/04/2010 |
| | 13D. TYPED NAME, TITLE AND MAILING ADDRESS OF ATTENDANT | KIMBERLY TILLOTSON, CNM, 18300 Hwy 18, Apple Vly, CA 92307 |
| | 14. TYPED NAME AND TITLE OF CERTIFIER IF OTHER THAN ATTENDANT | PAMELA GRAY, DIRECTOR |
| LOCAL REGISTRAR | 15A. DATE OF DEATH - MM/DD/CCYY | |
| | 15B. STATE FILE NO. - STATE USE ONLY | |
| | 16. LOCAL REGISTRAR - SIGNATURE | MAXWELL OHIKHUARE, MD (initials) |
| | 17. DATE ACCEPTED FOR REGISTRATION - MM/DD/CCYY | 06/09/2010 |

This is a true and exact reproduction of the document officially registered and placed on file in the OFFICE OF THE SAN BERNARDINO ASSESSOR-RECORDER-CLERK.

DENNIS DRAEGER
San Bernardino County Assessor-Recorder-Clerk

DATE ISSUED MAY 24 2011

*001695845*

This copy not valid unless prepared on engraved border displaying date, seal and signature of the Assessor-Recorder-Clerk.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

STATE OF CALIFORNIA
CERTIFICATION OF VITAL RECORD

# COUNTY OF SAN BERNARDINO

SAN BERNARDINO, CALIFORNIA

## CERTIFICATE OF LIVE BIRTH
STATE OF CALIFORNIA
USE BLACK INK ONLY

STATE FILE NUMBER

1201336011327
LOCAL REGISTRATION NUMBER

| | | | | | |
|---|---|---|---|---|---|
| THIS CHILD | 1A. NAME OF CHILD - FIRST: [redacted] | 1B. MIDDLE: | 1C. LAST: ORTIZ | | |
| | 2. SEX: FEMALE | 3A. THIS BIRTH SINGLE, TWIN, ETC: SINGLE | 3B. IF MULTIPLE THIS CHILD 1ST, 2ND, ETC: - | 4A. DATE OF BIRTH - MM/DD/CCYY: [redacted]13 | 4B. HOUR - 24 HOUR CLOCK TIME: 2205 |
| PLACE OF BIRTH | 5A. PLACE OF BIRTH - NAME OF HOSPITAL OR FACILITY: VICTOR VALLEY COMMUNITY HOSPITAL | | 5B. STREET ADDRESS - STREET AND NUMBER OR LOCATION: 15248 ELEVENTH ST. | | |
| | 5C. CITY: VICTORVILLE | | 5D. COUNTY: SAN BERNARDINO | | |
| FATHER/PARENT | 6A. NAME OF FATHER/PARENT - FIRST: FERNANDO | 6B. MIDDLE: - | 6C. LAST: ORTIZ | 7. BIRTHPLACE - STATE/COUNTRY: MEXICO | 8. DATE OF BIRTH - MM/DD/CCYY: [redacted] |
| MOTHER/PARENT | 9A. NAME OF MOTHER/PARENT - FIRST: [redacted] | 9B. MIDDLE: - | 9C. LAST - BIRTH NAME: CAPILLA | 10. BIRTHPLACE - STATE/COUNTRY: MEXICO | 11. [redacted] |
| INFORMANT AND BIRTH CERTIFICATION | I CERTIFY THAT I HAVE REVIEWED THE STATED INFORMATION AND THAT IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE | 12A. PARENT OR OTHER INFORMANT - SIGNATURE: Mari S Gutierrez | | 12B. RELATIONSHIP TO CHILD: BIRTH CLERK | [redacted] |
| | I CERTIFY THAT THE CHILD WAS BORN ALIVE AT THE DATE, HOUR, AND PLACE STATED | 13A. ATTENDANT/CERTIFIER - SIGNATURE AND DEGREE OR TITLE: BC | | 13B. LICENSE NUMBER: A52656 | 13C. DATE SIGNED - MM/DD/CCYY: 06/12/2013 |
| | 13D. TYPED NAME, TITLE AND MAILING ADDRESS OF ATTENDANT: V. VACHIRAKORNTONG, MD, 15998 QUANTICO ROAD, APPLE VALLEY | | | 14. TYPED NAME AND TITLE OF CERTIFIER IF OTHER THAN ATTENDANT: OCTAVIA WILLIAMS, BIRTH CLK | |
| LOCAL REGISTRAR | 15A. DATE OF DEATH - MM/DD/CCYY: | 15B. STATE FILE NO. - STATE USE ONLY: | 16. LOCAL REGISTRAR - SIGNATURE: MAXWELL OHIKHUARE, MD BW | | 17. DATE ACCEPTED FOR REGISTRATION - MM/DD/CCYY: 06/17/2013 |

This is a true and exact reproduction of the document officially registered and placed on file in the OFFICE OF THE SAN BERNARDINO ASSESSOR-RECORDER-CLERK.

*001945504*

Dennis Draeger
DENNIS DRAEGER
San Bernardino County Assessor-Recorder-Clerk

DATE ISSUED MAY 2 2 2014

This copy not valid unless prepared on engraved border displaying date, seal and signature of the Assessor-Recorder-Clerk

THE GREAT SEAL OF THE STATE OF CALIFORNIA EUREKA

ASSESSOR - RECORDER - CLERK COUNTY OF SAN BERNARDINO

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

# MATRÍCULA CONSULAR - CONSULAR ID CARD



NOMBRES / GIVEN NAMES
FERNANDO

APELLIDOS / SURNAMES
CRUZ RAMIREZ

DIRECCIÓN / ADDRESS
11420 LEE AVE SPC 59
ADELANTO, CA,
92301

LUGAR Y FECHA DE NACIMIENTO / PLACE OF BIRTH AND BIRTH DATE
[redacted], MEX
[redacted] 1980

FECHA DE EMISIÓN / DATE OF ISSUE
08 02 2021

AUTORIDAD / AUTHORITY
CONSULMEX SAN BERNARDINO

FECHA DE EXPIRACIÓN / DATE OF E
06 02 2026

X

DEL INTERESADO /
ER'S SIGNATURE

SRE
SECRETARÍA DE
RELACIONES EXTERIORES

2053

En caso de que el titular de este pasaporte requiera de asistencia o protección del gobierno mexicano, se recomienda acuda a la representación diplomática o consular más cercana. Para su protección escriba nombre y dirección de una persona a quien se pueda avisar en caso de emergencia.

Nombre: Ecomando ORTS

Dirección: 1130S AZTEC

Entidad Federativa: 760

C.P ________ Teléfono: 760-2-46 6729

DOMICILIO DEL TITULAR / HOLDER'S ADDRESS / ADRESSE DU TITULAIRE

Dirección: ________

Entidad Federativa: ________

C.P ________ Teléfono: ________

Firma del titular / Holder's signature / Signature du titulaire

ESTE PASAPORTE ES VALIDO PARA TODOS LOS PAISES
THIS PASSPORT IS VALID FOR ALL COUNTRIES
CE PASSEPORT EST VALABLE POUR TOUS PAYS

## ESTADOS UNIDOS MEXICANOS

PASAPORTE
PASSPORT
PASSEPORT



Tipo/Type/Catégorie: P
Clave del país de expedición/Code of Issuing State/Code du pays émetteur: MEX
Pasaporte No./Passport No./No. du Passeport: 05899704418

Apellidos/Surname/Nom: ORTIZ RAMIREZ

Nombres/Given names/Prénoms: FERNANDO

Nacionalidad/Nationality/Nationalité: MEXICANA

CURP/Personal No./No personnel

Fe[redacted] of birth/Date de naissance: [redacted] 1980

Sexo/Sex/Sexe: M

Lugar de nacimiento/Place of birth/Lieu de naissance: TANCITARO, MICH.

Fecha expedición/Date of issue/Date de délivrance: 23/AGO/2005

Fecha caducidad/Expiration date/Date d'expiration: 23/AGO/2006

Autoridad/Authority/Autorité: SAN BERNARDINO

Observaciones/Remarks/Observations

P<MEXORTIZ<RAMIREZ<<FERNANDO<<<<<<<<<<<<<<<<<<<<<<
8997044184MEX8008194M0608233<<<<<<<<<<<<<<2

< Back to Cases

**A-Number:** 200-973-287, ORTIZ RAMIREZ, FERNANDO

Select a case to view details and file documents

| | | |
|---|---|---|
| **Reasonable Fear Case** | Charging Doc. Date: **07/15/2026** | Case Pending |
| **Removal** | Charging Doc. Date: **03/23/2011** | Case Completed |
| **Bond** | Charging Doc. Date: **03/23/2011** Bond Request Date: **04/21/2011** | Case Completed |

*End of list. Please file a Form EOIR-27 or EOIR-28 using "Appearances" link in the header to view additional cases.*

## Court Information

| | | | |
|---|---|---|---|
| **Case Type:** | Reasonable Fear Case | | |
| **Charging Doc. Date:** | 07/15/2026 | | |
| **Alien Name:** | ORTIZ RAMIREZ, FERNANDO | | |
| **Hearing Location:** | 10250 RANCHO ROAD, SUITE 201A ADELANTO, CA 923012237 | **Immigration Court:** | 10250 RANCHO RD, SUITE 201A ADELANTO, CA 92301 |
| **Next Case Hearing:** | 07/27/2026 10:00 AM - 10:30 AM INDIVIDUAL HEARING White, Curtis G. | **IJ Decision Date:** | – NA – |
| | | **IJ Decision:** | This case is pending. |
| **Hearing Medium:** | In-Person | | |

## Court Actions

## eROP Documents

**Document Filters**

◉ View All ○ Filter at the Court ○ Filter at the BIA

| Actions | Document Type | Filed Date ▾ | Filed At | Filed By | Document Status |
|---|---|---|---|---|---|
| | EOIR-28, Notice of Entry of Appearance as an Attorney or Representative before the Immigration Court | 07/27/2026 | Court | Respondent Rep | Accepted |
| | CASE Notice | 07/21/2026 | Court | OCIJ | Accepted |
| | I-863 Reasonable Fear | 07/17/2026 | Court | DHS | Accepted |

**Total Count: 3**

Official Website of the Department of Homeland Security

U.S. Immigration and Customs Enforcement

EXHIBIT H Report Cri

Main Menu

# Search Results: 1

**FERNANDO ORTIZ RAMIREZ**

**Country of Birth :** Mexico

**A-Number:** 200973287

**Status :** In ICE Custody

**State:** CA

**Current Detention Facility**: ADELANTO ICE PROCESSING CENTER

** Click on the Detention Facility name to obtain facility contact information*

BACK TO SEARCH >

## Related Information

### Helpful Info

Status of a Case

About the Detainee Locator

Brochure

ICE ERO Field Offices

ICE Detention Facilities

Privacy Notice

### External Links

Bureau of Prisons Inmate Locator

DHS.gov USA.gov OIG Open Gov FOIA Metrics No Fear Act Site Map Site Policies & Plug-Ins